UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MEJEL JEFFREYS<br>427 WEEKS STREET<br>AKRON, OH 44306<br><br>on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>COMMUNICARE, INC.<br>C/O ACFB INCORPORATED<br>200 PUBLIC SQUARE, SUITE 2300<br>CLEVELAND OH 44114<br><br>and<br><br>COMMUNICARE HEALTH SERVICES, INC.<br>C/O ACFB INCORPORATED<br>200 PUBLIC SQUARE, SUITE 2300<br>CLEVELAND OH 44114<br><br>and<br><br>COMMUNICARE CARES II, INC.<br>C/O JACKLYN OLINGER<br>225 W COURT ST<br>CINCINNATI OH 45202<br><br>      Defendants. | CASE NO. 5:22-cv-371<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Plaintiff, Mejel Jeffreys, by and through counsel, for her Complaint against Defendants Communicare, Inc., Communicare Health Services, Inc., and Communicare Cares II, Inc., states and alleges the following:

## INTRODUCTION

1.      Plaintiff brings this case as a "collective action" due to Defendants' failure to pay her and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek and for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5.      At all relevant times, Plaintiff was a United States citizen and a Summit County, Ohio resident.

6.      At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7.      At all relevant times, Defendants maintained their respective principal places of business in Hamilton County, Ohio.

2

8.     At all relevant times, Defendants were an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9.     At all relevant times, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

10.     At all relevant times, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11.     At all times relevant herein, Defendants performed related activities through unified operation and common control for a common business purpose, and thus operated as a single enterprise within the meaning of 29 U.S.C. § 203(r)(1). At all times relevant herein, Defendants were joint employers within the meaning of 29 U.S.C. § 207 and 29 C.F.R. § 791.2.

12.     At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

13.     Plaintiff will file written consents to join this action as to Count One pursuant to 29 U.S.C. 216(b) when other individual plaintiffs execute them.

## FACTUAL ALLEGATIONS

14.     Defendants operate skilled nursing centers throughout the United States.

15.     Defendants have employed Plaintiff as a state tested nursing assistant (STNA) at its Wyant Woods Care Center facility since October 2020.

16.     Defendants employed, and continue to employ, other similarly-situated employees as STNAs, nurse's aides, home health aides, licensed practical nurses (LPNs), and certified nursing assistants (CNAs).

17.     Defendants employed Plaintiff and other similarly-situated employees as non-exempt employees under the FLSA.

18.     Defendants paid Plaintiff and other similarly-situated employees an hourly wage.

3

**(Failure to Pay for Compensable Work During Meal Periods)**

19.     Defendants Plaintiff's and other similarly-situated employees' pay was subject to an automatic meal period deduction even when they performed compensable work during their meal periods.

20.     Defendants' meal period deduction policy is centrally and collectively dictated, controlled, and ratified.

21.     Under the meal period deduction policy, Defendants' computerized time and attendance system automatically deducts a 30-minute meal period per work shift.

22.     Plaintiff and similarly-situated employees perform compensable work for Defendants during their uncompensated meal periods.

23.     Defendants do not ensure that Plaintiff and similarly-situated employees are completely relieved of their work duties during their uncompensated meal periods.

24.     Plaintiff and similarly-situated employees are routinely not completely relieved of their job duties during their uncompensated meal periods.

25.     Defendants do not prohibit Plaintiff and similarly-situated employees from working during their meal periods and routinely suffer or permit them to perform such work.

26.     Defendants routinely fail to ensure that unauthorized work is not being performed during employee meal periods.

27.     In fact, although Defendants deduct 30-minute meal periods, Defendants expect Plaintiff and similarly-situated employees to be available to work throughout their shifts and consistently requires their employees to work during unpaid meal periods.

28.     Plaintiff and similarly-situated employees are expected to eat without any change in demands from patients or relief by additional staff.

29.     Defendants often require Plaintiff and similarly-situated employees to respond to

4

requests by patients, coworkers, and supervisors, during unpaid meal periods.

30.     Defendants know and/or have reason to believe that Plaintiff and similarly-situated employees perform work during their unpaid meal periods.

31.     Plaintiff and similarly-situated employees perform work for Defendants, on Defendants' premises, in plain sight, and at management's request during their unpaid meal periods.

32.     Defendants discouraged employees from reporting missed meal periods because they did not want to pay employees for missed meal periods.

33.     Defendants have observed Plaintiff and similarly-situated employees working through their unpaid meal periods.

34.     Given the skilled nursing facility industry's demands and staffing shortages, Defendants know that to get the tasks done that they assign to Plaintiff and similarly-situated employees, Plaintiff and similarly-situated employees have to work through their unpaid meal periods.

35.     Under Defendants' meal period deduction policy, Defendants improperly and illegally shift the burden to Plaintiff and similarly-situated employees to ensure that non-qualifying meal periods are not deducted from their pay.

36.     Even though Defendants know that Plaintiff and similarly-situated employees are working during "meal periods," Defendants fails to compensate Plaintiff and similarly-situated employees for their work, electing instead to sit back and accept the benefits of Plaintiff and similarly-situated employees' uncompensated work.

**(Failure to Pay Overtime Compensation)**

37.     Plaintiff and other similarly-situated employees regularly worked over 40 hours per week. Plaintiff worked on average approximately 60-80 hours per workweek.

38.     As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all the hours they worked over 40 each workweek.

39.     Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

40.     Defendants failed to make, keep, and preserve records of the unpaid work that Plaintiff and other similarly-situated employees performed during their meal periods.

**(Defendant Willfully Violated the FLSA)**

41.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and OMFWSA.

## COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff brings Count One of this action individually, pursuant to 29 U.S.C. 216(b), and on behalf of all similarly-situated individuals who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

43.     The class that Plaintiff seeks to represent and for whom she seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All current and former STNAs, nurse's assistants, home health aides, LPNs, and CNAs employed by Defendants at any time in the three years preceding this action.

44.     Time sheets and/or paystubs reflect some of the overtime hours Plaintiff and other similarly-situated employees worked.

45.     Plaintiff estimate that on average she worked approximately 45-80 hours per week.

46.     Plaintiff cannot currently state the potential class's exact size, but upon information and belief, avers that it consists of at least 100 persons.

47.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for unpaid overtime compensation, unpaid minimum wages, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. In bringing this action, Plaintiff is representing those other employees and their interests, as well as her own.

48.     These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, unpaid minimum wages, liquidated damages, and attorneys' fees and costs under the FLSA and OMFWSA.

## CLASS ACTION ALLEGATIONS

49.     Plaintiff brings Count Two of this action to Fed. R. Civ. P. 23(a) and (b)(3) individually and on behalf of all other members of the class ("the Ohio Class") defined as:

> All current and former STNAs nurse's assistants, home health aides, LPNs, and CNAs employed by Defendants at any time in the three years preceding this action.

50.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at the time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 1,000 persons.

51.     There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a)     whether Defendant failed to pay overtime compensation to its employees for hours worked in excess of 40 each workweek;

(b)     whether Defendant failed to pay its employees for work performed during meal periods; and

(c)     what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

52.     Plaintiff's claims typical of other Ohio Class members' claims. Her claims arise out of the same uniform course of Defendant's conduct, and are based on the same legal theories, as other Ohio Class members' claims.

53.     Plaintiff will fairly and adequately protect the Ohio Class members' interests. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. Her counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

54.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

55.     A class action is superior to other available methods for fair and efficient adjudication. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

### (Fair Labor Standards Act Violations)

56.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57.     Defendant's practice and policy of not paying Plaintiff and other similarly employees for work performed during meal periods violated the FLSA, 29 U.S.C. § 207.

58.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

59.     Defendant's failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 C.F.R. § 516.2(a)(7).

60.     By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

61.     As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees has been damaged in that they have not received overtime due to them pursuant to the FLSA.

## COUNT TWO

### (OMFWSA Overtime Violations)

62.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed during meal periods violated the OMFWSA, R.C. § 4111.03.

64.     Defendant's failure to pay Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times her regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

65.     Defendant's failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the OMFWSA, R.C. § 4111.08.

66.     By engaging in the above-mentioned activities, Defendant willfully, knowingly, and/or recklessly violated the provisions of the OMFWSA.

67.     As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received overtime due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.      Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B.      Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.      Award Plaintiff and the class she represents actual damages for unpaid overtime compensation and minimum wages;

D.      Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid overtime wages found due to Plaintiff and the class;

E.      Award Plaintiff and the class she represents liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff and the class under the OMFWSA;

F.      Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

G.      Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

H.      Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Alanna Klein Fischer
Alanna Klein Fischer (0090986)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
Matthew S. Grimsley (0092942)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
alanna@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
matthew@lazzarolawfirm.com

Plaintiff's Attorneys

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Alanna Klein Fischer
One of Plaintiff's Attorneys

11